v. Michael Deon Thompson He refers from Mr. Blizzard Good morning, Your Honor. May it please the Court. The issue before the Court, two issues, is whether or not the answer to the special question that Thompson's distribution of heroin caused serious bodily injury to Ms. Myers, whether that was legally sufficient, and whether the trial court erred in failing to grant the appellant's motion for new trial. Appellant's primary argument is that his distribution was not the but-for cause of Myers' injury. Essentially, Mr. Thompson distributed heroin to, if at all, to Bobby Mason, and Bobby Mason was the person who then distributed and administered the heroin to Mason's actions, which are the but-for cause of the serious bodily injury in this case. Is there testimony that this was, in fact, Thompson's heroin that Ms. Myers consumed? Yes, Your Honor. The testimony essentially was from Mason and Myers. Mason testified that he acquired the heroin from, quote, Ice Mike, the street name for Thompson. And Ms. Myers' testimony was that Mason told her that he got the heroin from Mr. Thompson. She did not know him or really know that it came from him, but knew that representation from Mr. Mason. So this is more of a testimony from Mason. We've argued proximate cause as well, Your Honor. Our first argument is the but-for cause. And so I can touch on proximate cause as well. That's what the jury was instructed. Was it objected to? Is the error preserved on the jury instructions? No, sir. There's no there were no objections on the jury charge for proximate cause or but-for cause. And our argument isn't about the jury charge. It's about whether or not there was legally sufficient evidence to prove the but-for causation and proximate cause. Here, Your Honor, I would ask the court to consider a couple of hypotheticals to illustrate why Thompson is not the but-for cause here. Assuming Thompson passed on his heroin to Mason and Mason injected Myers, first off, in the record it's shown that Thompson did not know Myers existed. He did not know that the heroin would go to another person. What does that have to do with but-for cause? Your Honor, because he is merely a but-for cause. This is not a knowledge issue or an intent issue. I understand that, Your Honor. It's heroin, and there's testimony not only from Mason, but I believe there's a doctor in the ER doctor who said that it was this heroin it was heroin that caused her serious injury. That's correct, Your Honor. The hypothetical to illustrate my point, though, on this issue is if on that day Thompson the record shows that Thompson and another person named Rico gave heroin to Mason. It was Mason who actually chose which heroin to use and administered that heroin to Myers causing the overdose. My illustration for the court is if you took this same scenario and you had Thompson selling a handgun to Mason, if Mason then picked up Thompson's handgun and shot and killed Amber Myers I don't think we would say that it was but-for cause that Mr. Thompson caused that shooting and killing to occur. It is simply the actions of Mason that ultimately caused it. If the court extends but-for cause to every someone going to the doctor, getting a prescription filled getting a prescription filled at a pharmacy, picking it up, selling that hydrocodone prescription to another person, that person overdosing, on a but-for causation as broad as the government would propose, the doctor, the pharmacist everybody along the line would be a but-for cause because but-for their and so I believe that it's too broad of a position to step back and say that Thompson could be liable under a but-for cause scenario. I believe the court should limit its but-for causation analysis to that which is kind of the final thing and Justice Scalia's opinion in the Burrage case the 1-0 home run here it could be said that Thompson's actions were a contributing cause but in Burrage the court says contributing cause is not enough, not in a criminal case not when the standard is beyond a reasonable doubt even if the court found that there was a tiny enough distribution as you referenced, your honor, the mixture there was a doctor that testified that heroin did cause serious bodily injury but if you carefully examine that record, that doctor's testimony is very limited it doesn't even establish that he has experience and education sufficient really to give an expert opinion. In addition there's a, in the record there's multiple use of multiple drugs by Myers and there's only one or two conclusory statements asked in a leading way from the government to establish that yes, it is the but-for cause that heroin was the but-for cause of this overdose I don't believe that that would be sufficient as well as you combine it with the fact that the sole supporting evidence for the fact that this was Thompson's heroin was Mason's testimony. Mason spent approximately I think it's ten pages of the record talking about his criminal history, his incentives to lie, his bad feelings towards Thompson. You're resting your argument solely on the contention that there's no evidence to support a but-for causation. You make no claim here that the measure should rather be proximate cause, the foreseeability element. I'll be clear about that. We do make that claim in our brief. I misunderstood your earlier answer because you said the jury instruction, that's why I ask about the objection to the jury instruction. I thought that that's where it would be focused initially, but you shifted to say insufficient evidence. I'm confused about your argument. Could you clarify that please? If I could clarify, we have not asserted on our appeal that there was any error in the jury instruction. There was no objection made at trial.  The evidence is insufficient because the government hasn't proven but-for cause and the government had not proven proximate cause. We believe those are necessary things. Discussing proximate cause, certainly if this court finds that proximate cause applies in this case, the evidence is certainly insufficient because there was no... You make no claim. Why is the question of proximate cause in the case then, if you're standing and falling on what but-for causation? Well, Your Honor, I don't believe that it's one or the other. I think that it could be both, that there's both but-for causation and proximate cause, that it was both the but-for action, but for this having occurred, she wouldn't have suffered that harm, and also that it was foreseeable that the harm would have occurred. Proximate cause is simply the additional element of foreseeability laid over the underlying causal chain itself. I'm just having difficulty tracking your argument unless you just mean that there's just no... Your sole argument here is that the jury could not have found but-for causation. It's not my sole argument, Your Honor. It's our argument if you review the Burridge case, the court there granted cert on two issues. I didn't think the Burridge court reached the question of proximate cause. They didn't, Your Honor, but they certainly granted it on both issues, and then they determined that but-for cause wasn't sufficient, so it was reversed, and so the second issue needed to be reached, but it kind of, in its own right, says that both can occur, and there's even a little blurb from the Supreme Court that generally but-for or proximate cause and but-for cause are required in criminal cases, and just citing some secondary source in the opinion. Certainly the court doesn't reach the question. The court granted the issue, though, on whether or not there was jury charge error, kind of like what you're talking about, and here our issue is a little different as to whether the evidence was sufficient to prove proximate cause. We believe that proximate cause should have been required to have been proven. This court in Ramos-Dogato has previously said that proximate cause, again, didn't reach the issue. Basically that the actions, if but-for cause are required, if proximate cause is required, then we think that both are met here, but it does talk about there, kind of another example in the Ramos-Dogato case about what is but-for cause and what is proximate cause, and it talks about if a person was injured in an accident caused by a defendant, then that would be but-for cause, and that person goes to the hospital and the hospital explodes from a gas leak, that's still but-for cause, but that's not proximate cause because that's not foreseeable that the hospital would have exploded. And so it's just our position, Your Honors, that both but-for cause and proximate cause were required to be shown in this case, and they weren't. Additionally, moving to the last point before I run out of time, we believe that the motion for new trial was wrongfully denied because the court, given the opportunity to weigh the credibility of the witnesses, we believe clearly erred because the testimony that supported the enhancement here was solely based upon Mason's testimony. Mason's testimony, which the government impeached itself in ten pages of testimony, lining out all of his criminal convictions, lining out all of his incentives to testify, his recommendation for lenient sentencing, his agreement not to be prosecuted for the very same crime that they were going to be prosecuted for. So we believe that the trial court erred in not granting the motion for a new trial. If there's not any other questions, I'll cede the remaining time. Thank you, sir. Ms. Hayworth. Please support Gail Hayworth on behalf of the United States. Turning to the first issue, there was more than enough evidence to support the count one conviction because there was more than enough evidence to show that the heroin that the defendant distributed was a but-for cause of the victim's injuries. A reasonable jury could have easily found that the victim suffered serious bodily injury on October 6, 2017 from the use of heroin, and that the heroin that was in her system that day came from the defendant. Both Myers and Mason testified that she collapsed after injecting heroin. The paramedic who arrived on the scene, upon seeing Myers' condition, his biggest concern was to get an IV started, put her on oxygen, and administer the Narcan, which is an opioid blocker. And then after he administered the Narcan, she revived. And the ER doctor, after testifying based on his medical knowledge and experience, and his background in education, is at ROA 422, testified that based on his experience, he believed that she suffered serious bodily injury from her ingestion of heroin, and that but for her use of heroin that day, she would not have sustained serious bodily injury. Moreover, the evidence showing that the heroin in her system came from the defendant, Mason testified that he was 100% certain that the heroin that Myers and he used that day came from the defendant. And Myers also testified that she used the first batch of heroin and didn't touch the second. And her phone records corroborate that Thompson was the supplier of the first batch of heroin. Courts in Hardin, Seals, and this court recently in Cockrell have found sufficient evidence of but-for causation under similar facts. That is, where an expert testified as to medical causation, which happened here, or where there was a tight chain of events from the defendant's injection of the drug, to the victim's injection of the drug, to the victim's collapse, to the administration of Narcan and the victim's revival, also showed but-for causation. And where you have witnesses testifying that the defendant was the source of the heroin, all which happened here in this case. Now, Thompson argues that Myers, not him, was the but-for cause of the victim's injuries, but he misunderstands the evidence, the statute, and the but-for cause standard. First of all, the evidence. A reasonable jury could have easily found that he distributed heroin to both Mason and Myers that day. Myers' money is what purchased that heroin. Myers' cell phone is what arranged for the transaction. The transaction was executed in front of Myers' house, with Myers watching from the front porch. A jury could have easily found that he distributed heroin to Myers. Moreover, and more importantly, the statute doesn't require direct dealings between the victim and the defendant. By its terms, the statute only requires that the defendant intentionally or knowingly distribute a controlled substance, and that the use of that controlled substance resulted in injury or death. I understand other circuits have already reached precisely that conclusion. Yes. There's no direct purchaser requirement. Yes. Applying the plain language of the statute, courts have applied the enhancement in circumstances where there were no direct dealings between the victim and the defendant. For example, in McIntosh, the defendant distributed meth that passed through two middle dealers before it got to the victim. In Roundtree and Solar, the defendant distributed drugs to two people who later shared those drugs with the victim. And in McIntosh, the defendant manufactured meth who others later shared with the victim, despite the defendant's specific statements that the victim shouldn't have nothing to do with the meth. And in all of those cases, even though the defendant did not have direct dealings with the victim, the enhancement was applied. Any circuits in the other way? No. I'm not aware of any. I'm not aware of any. I take it that's because the language results from, not causation or anything tighter than that. Right. All they've essentially required is that the defendant be in the distribution chain. He distributed drug. Someone used that drug and resulted in injury. Further, he misunderstands but-for causation in arguing that Bobby Mason was the but-for cause and not him. This court, as well as the Supreme Court, has held that for many events, there are many but-for causes. And just because you point to one but-for cause doesn't negate the fact that his distribution of heroin was a but-for cause. He also argues that, in his brief, that the other drugs, there wasn't sufficient evidence that it was the heroin and not the other drugs in her system that caused the injury. But the ER doctor who performed the toxology test and was well aware of the other drugs in her system testified that, but for her use of heroin that day, she would not have suffered injury. And the sequence of events, moreover, shows that it was the heroin that was the but-for cause of her injury. She was highly functioning that day. She woke up, despite having other drugs in her system, went to the store, withdrew money from the ATM, had her morning coffee, had her morning Xanax, which she had every morning, and then picked up other supplies and proceeded to have her planned with Bobby Mason that day. It was only after she went to the administration of the Narcan that she recovered. Based on this evidence, a reasonable jury could have easily found that it was the heroin, not the other drugs, that was the but-for cause of her injuries. He also argues that there wasn't sufficient evidence that it was his heroin as opposed to another supplier's, but Bobby Mason testified that he was 100% certain that it was the defendant's heroin. You also have the supplier's testimony and the phone records, but more importantly, on sufficiency of the evidence, this court accepts all credibility determinations of the jury, and the jury clearly credited Bobby Mason's testimony. Turning to proximate cause, he argues that there is insufficient evidence of proximate cause, and he noted that he didn't ask for it in the jury instructions, but every circuit to address this issue has held that there is no requirement of proximate cause with respect to Section 841. The reasoning is based on the plain language of the statute, which this court has itself determined that results from does not implicate a proximate cause standard in Carbajal, and it's also based on numerous other statutes where Congress was explicit in requiring a proximate cause standard, as well as the fact that Congress has made changes to results from language despite uniform circuit law interpreting that language not to require proximate cause, as well as the purpose of the statute, which deals with an inherently dangerous product that's being put out, and under those circumstances, it is categorically foreseeable that death or injury could result. Now, he cites Burrage as overruling that uniform circuit precedent, but as the court mentioned, that Burrage did not directly address that issue, and every circuit to look at Burrage afterwards has held that it didn't call into question the uniform circuit precedent, holding that proximate cause is not required. Because proximate cause is not required, the government was not required to put on evidence, but even if it were, there was more than enough evidence to show proximate cause in this case, besides the fact that the defendant was dealing an inherently dangerous drug, which is categorically foreseeable that death or injury could result. He also indicated in an interview, post-arrest interview, that he had a friend who overdosed in 2012. So having knowledge that this drug could cause overdoses, it was clearly foreseeable to him that the use of heroin could result in injury to the user. As far as his motion for a new trial, he basically just essentially asks this court to re-evaluate the defendant's credibility, which this court will not do, and fails to show an abuse of discretion. And the court's accepting the jury's credibility findings, which this court has held that it doesn't rise to meriting a new trial in Arnold, Dula, and Slavin. And if this court has no further questions, we ask them to defer. Thank you, Ms. Hayward. Mr. Blizzard, you have five minutes on the bottle. One thing I'd like to address with the court is there have been other circuit courts that have determined that proximate cause is required to be proven where death or serious bodily injury occurs, and similarly phrase statutes. They're not on this statute in particular, but they are in the results from statute. One is a health care fraud and civil rights violations, or the other three. And so additionally, going back to what I mentioned earlier, the blurb by Burrage, the Burrage court recognizes that the law generally requires a defendant cannot be convicted unless both the actual cause and legal cause, often called proximate cause, is aware of the result. And then the court says these are the questions we've granted cert on, and they don't reach the proximate cause issue. However, I believe that circuit courts that have decided against Thompson on this issue have largely taken a policy approach, much like what's been put forward by the government in their brief and in oral arguments today, that drugs are just some extra dangerous product and therefore impose almost a strict liability. However, the Burrage court discusses this at length, that a policy approach, one, to discuss that really the government's policy approach is overstated, and two, that the policy approach is not considered in its analysis. Ultimately, we believe that this court should depart from the other circuits that have ruled that proximate cause is not required. However, going back to our but-for cause argument, we believe that this and the other cases similarly cited by the government today in an oral argument on the but-for cause being multiple persons down the line can create bad results for our society and punishment of otherwise innocent conduct. And so we believe that the court should depart from those Thank you, sir.